```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
DESI GAUSE,

                    Plaintiff,
                                              ORDER
         -against-                            18-CV-5505(JS)(GRB)

MARIE W. CLAUDE, TOWN OF BABYLON
OF NEW YORK, SUFFOLK COUNTY; HOME
INSURANCE CARRIER; and JOHN DOES,
JANE DOES,

                    Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:     Desi Gause, pro se
                   170924
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

By Electronic Order ("Electronic Order") dated February 19, 2019, the Court ordered pro se plaintiff Desi Gause ("Plaintiff") to file, within thirty (30) days, either: (1) an Amended Complaint, or (2) a letter indicating that he no longer wants to amend his Complaint but wants to pursue his claims and that the original Complaint shall be the operative pleading. (See Electr. Order.) The Electronic Order warned Plaintiff "that a failure to timely respond to this Order by filing either an amended complaint or a letter indicating that he wants to pursue the claims set forth in the original complaint will lead to the dismissal of

his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (See Electr. Order.) The Electronic Order was mailed to Plaintiff at his address of record.

On March 7, 2019, the Electronic Order was returned to the Court marked "Undeliverable", "Return to Sender", "Unable to Forward; Discharged." (See D.E. 12.) To date, Plaintiff has not filed an Amended Complaint nor has he otherwise communicated with this Court since his October 24, 2018 Motion seeking leave to file an Amended Complaint.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all pro se plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that pro se litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] . . . of any change of address.") (citations omitted).

Here, Plaintiff was advised of this obligation by the

his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (See Electr. Order.) The Electronic Order was mailed to Plaintiff at his address of record.

On March 7, 2019, the Electronic Order was returned to the Court marked "Undeliverable", "Return to Sender", "Unable to Forward; Discharged." (See D.E. 12.) To date, Plaintiff has not filed an Amended Complaint nor has he otherwise communicated with this Court since his October 24, 2018 Motion seeking leave to file an Amended Complaint.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all pro se plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, 13-CV-8912, 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that pro se litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] . . . of any change of address.") (citations omitted).

Here, Plaintiff was advised of this obligation by the

Court's Pro Se Office by letter dated October 3, 2018 (the "Letter"):

> It is your duty to prosecute your case and to keep this office informed of a current mailing address. All address changes must be submitted in writing. Failure to provide a current mailing address may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

(See Letter, D.E. 8.) The Letter was not returned to the Court. Plaintiff was also warned that failure to either timely file an Amended Complaint or a letter expressing his desire to proceed with his claims set forth in the original Complaint would lead to the dismissal of his Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (See Electr. Order.)

As is readily apparent, this case cannot proceed unless the Court and defense counsel are able to contact Plaintiff. Pagan v. Westchester Cty., 12-CV-7669, 2014 WL 4953583, at *5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."). If a pro se litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013)

3

(citations omitted).

Accordingly, given Plaintiff's failure to keep his address current, the Court is unable to communicate with him. Because Plaintiff has not communicated with the Court for over five months, it appears that Plaintiff is no longer interested in pursuing this case and it is thus DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).[1]  The Clerk of the Court is directed to CLOSE this case and to mail a copy of this Order to the pro se Plaintiff.

[THIS AREA INTENTIONALLY LEFT BLANK]

---

[1] Plaintiff is no stranger to this Court and has a history of abandoning his cases.  See 17-CV-2543 Gause v. Suffolk, et al., (dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) after repeated warnings to respond to the Court's Orders), appeal dismissed by Mandate, issued March 22, 2019 because it "lacks an arguable basis either in law or in fact.") (Mandate was also retuned to Sender, marked "Undeliverable" and "Unable to Forward/Discharged."); 12-CV-1724 Gause v. Suffolk, et al., (Complaint consolidated with another docket and the Order of Consolidation mailed to Plaintiff was returned as undeliverable); 12-CV-1277 Gause v. Sposato, (Complaint consolidated with another docket and the Order of Consolidation mailed to Plaintiff was returned as undeliverable); 08-CV-1582 Gause v. Suffolk Cty. Court Sys., (dismissed for failure to file an amended complaint or otherwise communicate with the Court for approximat
ely four months).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   April   11  , 2019
         Central Islip, New York