FILED
CLERK
5/27/2021 2:50 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DESI GAUSE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     18-CV-5505(JS)(SIL)

MARIE CLAUDE, JOAN M. BALL, and
WINTER BROTHERS,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Desi Gause, pro se
                    55 Irving Avenue
                    Wyandanch, New York 11798

For Defendant
Ball:               Mark A. Cuthbertson, Esq.
                    Matthew Joseph DeLuce, Esq.
                    Law Offices of Mark A. Cuthbertson
                    434 New York Avenue
                    Huntington, New York 11743

For Defendants
Claude and Winter
Brothers:           No appearances.
```

SEYBERT, District Judge:

Plaintiff Desi Gause ("Plaintiff" or "Gause") commenced this action against Defendants Marie Claude, Joan M. Ball ("Defendant Ball"), and Winter Brothers (collectively, "Defendants"), asserting violations of his constitutional rights protected under the First, Fourth, Fifth, and Fourteenth Amendments. Before the Court is Defendant Ball's motion to dismiss the Complaint. (Mot., ECF No. 43; Defs. Br., ECF No. 43-1; Reply, ECF No. 57). Plaintiff opposes the motion. (Pl. Opp., ECF No.

1

56). For the reasons set forth below, Defendant Ball's motion is GRANTED.

BACKGROUND[1]

I. Factual History

Plaintiff is a resident of the Town of Babylon (the "Town"). (Fourth Am. Compl., ECF No. 38, at 4.[2]) Defendant Ball served as the Town Assessor during the alleged incident giving rise to this action.

Plaintiff alleges that on or about April 26, 2018, Maryann Anderson, the Town's Zoning Inspector, and Suffolk County Police unlawfully entered his home, either without a search warrant (see id. at 3, 5) or pursuant to a search warrant Plaintiff claims was defective (id. at 4 ("warrant was nogood"[3])). Plaintiff further alleges that during the incident his family was removed from his home. (Id.) Plaintiff admits that the Town has the authority to issue such removal orders for certain code violations, and that they have boarded up his home in the past, but nonetheless

---

[1] The following facts are drawn from the Fourth Amended Complaint, which the Court liberally construes given Plaintiff's pro se status.

[2] Because Plaintiff does not number the paragraphs in his Fourth Amended Complaint, the Court refers to page numbers automatically generated by its electronic case filing (ECF) system when the Fourth Amended Complaint was docketed.

[3] All quotations from the Fourth Amended Complaint are presented without alteration.

alleges that these code provisions are "out of SYNC with the United States Constitution." (Id. at 6, 13.) Plaintiff further alleges that the Town enforces its code provisions pursuant to a policy that targets people of color to extort "fee[s]" for violations. (Id. at 12-13.) Plaintiff also asserts that the Town's actions were taken in retaliation for a lawsuit he filed in 2017 against Suffolk County and others. (Id. at 5 (referencing Gause v. Suffolk County First Precinct (the "Prior Action"), No. 17-CV-2543 (Seybert, J.)). Defendant Ball was not a party to the Prior Action.

According to the Fourth Amended Complaint, approximately two months after the April 26 incident, Defendant Claude, who apparently was involved in a dispute with Plaintiff over the rights to his property, unlawfully entered Plaintiff's property and removed Plaintiff's belongings, placing them into a dumpster she rented from Defendant Winter Brothers. (Id. at 4, 7, 8, 13.) Plaintiff alleges Defendant Claude did so with the consent or permission of the Town and its employees, including Defendant Ball. (Id. at 7, 8.)

Plaintiff's twenty-eight-page Fourth Amended Complaint includes allegations that mention Defendant Ball or her role as Town Assessor six times. For example, Plaintiff alleges Defendant Ball:

> took personal involvement and control allowing co-defendant Marie W. Claude access to forcibly rip the boards off of Mr. Gause home and enter the dwelling and take Mr. Gause and family personal property and possessions and entire contents of the Gause home, without authorization or permission of the property owners during the hostile unfriendly seizure and violent take over, using dumpsters registered to co-defendat Winter Brothers leased and contracted under co-defendant Marie W. Claude.

(Id. at 7.) Plaintiff claims Defendant Ball acted with knowledge that he possessed his home (id. at 11) and violated his "Fourth Amendment Right to be free from unreasonable searches and seizures as well as his Fourteenth Amendment right to equal protection of the laws" (id. at 10). He adds that Defendant Ball acted "pursuant to the kind of 'official policy' that is the predicate for municipal liability" (id. at 8) and "[a]t all times relevant herein. Defendant Town of Babylon Joan M. Ball acting under color of state law" (id. at 18).

## II. Procedural History

Plaintiff filed a complaint on October 1, 2018. (ECF No. 1.) On October 24, 2018, he sought to amend his complaint, and by Electronic Order dated February 19, 2019, this Court permitted it, advising him of his right to do so once as a matter of course pursuant to Federal Rule of Civil Procedure 15. (Feb. 19, 2019 Elec. Order.) The Court further indicated that Plaintiff must take action within thirty days of the Electronic Order or the

4

Complaint would be dismissed for failure to prosecute. (Id.) The Electronic Order was sent to Plaintiff at his address of record and was returned to the Court on March 7, 2019 marked "undeliverable," "unable to forward," and "discharged." (ECF No. 12.) As the Court was unable to communicate with Plaintiff, the Court dismissed the action on April 11, 2019 without prejudice. (ECF No. 13.)

A short time later, Plaintiff wrote requesting the case be reopened and further indicated he wished to amend his complaint. (ECF No. 17.) The Court granted his motion to reopen the case and again cautioned him that he must take action within thirty days. (See Apr. 30, 2019 Elec. Order.)

Plaintiff did not file an amended complaint, but instead filed an unsigned order to show cause. (ECF No. 22.) The Court denied his request for emergency relief and stated, "Plaintiff is reminded that pursuant to this Court's April 30 order, he MUST file his amended complaint, as he indicated he wished to, or a letter stating that he wishes to proceed with the original complaint, on or before May 31, 2019, or this case WILL BE DISMISSED." (May 15, 2019 Elec. Order.) Plaintiff was further advised to keep his address current on the docket. (Id.)

Plaintiff wrote a letter dated May 27, 2019, informing the Court that his Amended Complaint would be late (ECF No. 23), which he filed on June 3, 2019. (Am. Compl., ECF No. 24) He then

5

filed a letter motion for an extension of time to file attachments to his Amended Complaint (ECF No. 25), which the Court granted, directing Plaintiff to "file his complete Amended Complaint and any attachments AS ONE COMPLETE DOCUMENT on or before July 19, 2019." (June 19, 2019 Elec. Order.)

Several days after the Court's July 19 deadline, Plaintiff filed a second amended complaint. (See Second Am. Compl., ECF No. 26.) By Electronic Order dated July 31, 2019, the Court afforded Plaintiff a final opportunity to file his amended complaint and any attachments as one complete document on or before September 3, 2019. Plaintiff was warned that his failure to timely file the amended complaint by that date would lead to the dismissal of this action with prejudice. (July 31, 2019 Elec. Order ("Thus, the Court warns Plaintiff, in the strongest possible manner, of the following: if he wishes to proceed with this action, he MUST FILE HIS COMPLETE AMENDED COMPLAINT AND ANY ATTACHMENTS AS ONE COMPLETE DOCUMENT ON OR BEFORE SEPTEMBER 3, 2019. If the Amended Complaint with attachments is filed beyond that date, the Court will reject it. If Plaintiff does not file the Amended Complaint with attachments by that date, THIS ACTION WILL BE DISMISSED WITH PREJUDICE AND JUDGMENT WILL ENTER WITHOUT FURTHER NOTICE.").)

Notwithstanding the Court's stern, explicit warning, on September 6, 2019, Plaintiff filed an eighty-eight-page third amended complaint that named "Marie W. Claude, Haitian Nationalist

6

Insurance Carrier for 9 Deer Str. Wyandanch, NY, 11798, Joan M. Ball Town of Babylon, and Winter Bros. Carters, Garbage" as defendants. (Third Am. Compl. ("TAC"), ECF No. 27.) However, within the TAC, Plantiff included another caption that named some of the same defendants as the initial caption, but added "John Doe's Police of Suffolk County, Jane Doe's et al." (TAC at 5.) Then, further on, Plaintiff listed several additional defendants who were not named in either the initial caption or the second caption. (TAC at 7.) As a result, it was unclear who Plaintiff intended to sue.

In an abundance of caution and so as to not further delay adjudication of Plaintiffs claims, the Court construed the TAC to seek relief as against only the defendants named in the initial caption on the first page. Accordingly, the Court ordered the United States Marshals Service to serve the TAC upon Defendant Ball and directed Plaintiff to provide service addresses for Defendants Claude and Winter Brothers.

On February 25, 2020, Defendant Ball filed a letter motion for a pre-motion conference seeking leave to file a motion to dismiss. (ECF Nos. 33, 34.) The Court stayed service on Defendants Claude and Winter Brothers pending resolution of Defendant Ball's anticipated motion to dismiss. (Mar. 12, 2020 Elec. Order.) In addition, the Court granted Plaintiff additional time to respond to Defendant Ball's pre-motion conference request.

7

Rather than file a three-page response, consistent with this Court's Individual Rules, Plaintiff filed another amended complaint, his fourth (Fourth Am. Compl.), which due to Plaintiff's pro se status, the Court accepted for filing. (June 17, 2020 Elec. Order.)

On July 1, 2020, Defendant Ball renewed her request for leave to file a motion. (ECF No. 40.) The Court granted her request and set a briefing schedule. (July 24, 2020 Elec. Order.) After several additional extensions, the parties filed their briefs.

## DISCUSSION

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679.

8

Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015).

II. Analysis

The Court liberally construes Plaintiff's Fourth Amended Complaint to allege the following causes of action: (1) violation of the Fourth Amendment; (2) violation of the Fourteenth Amendment's Due Process Clause; (3) violation of the Fourteenth Amendment's Equal Protection Clause; (4) selective enforcement under the Fourteenth Amendment; (5) First Amendment retaliation; and (6) Monell liability.[4] Defendant Ball argues that Plaintiff fails to adequately allege the foregoing causes of action and, in

---

[4] The Court declines to consider new factual allegations and claims raised in Plaintiff's opposition, because it is well established that "Plaintiff cannot amend [his] pleadings through [his] briefs." Tappin v. Metropolitan Suburban Bus Auth., No. 12-CV-2016, 2014 WL 1330649, at *5 (E.D.N.Y. Mar. 31, 2014) (Seybert, J.).

9

any event, Defendant Ball is entitled to qualified immunity. The Court addresses each cause of action in turn.

   A.   <u>Plaintiff Fails to Allege a Fourth Amendment Violation</u>

The Fourth Amendment to the United States Constitution protects "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The Fourth Amendment does not protect against actions taken by private individuals, unless it can be shown that the private individuals acted in concert with government officials, thereby permitting the Court to attribute the actions of the private citizen to state actors. <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 323-24 (2d Cir. 2002). Moreover, a plaintiff seeking damages under 42 U.S.C. § 1983 ("Section 1983") must allege the defendants were personally involved in the alleged constitutional deprivation. <u>Ostensen v. Suffolk County</u>, 236 F. App'x 651, 652 (2d Cir. 2007) (summary order) (citing <u>Williams v. Smith</u>, 781 F.2d 319, 323 (2d Cir. 1986)).

The Second Circuit's decision in <u>Ostensen</u> controls here. In <u>Ostensen</u>, the plaintiff alleged that a Suffolk County police officer "assisted and conspired with private citizens . . . to burglarize her residence and unlawfully seize her possessions." <u>Id.</u> at 652. At the time of the alleged intrusion, the plaintiff and the private defendants were in a dispute over the rightful

possession of the residence. Id. The Second Circuit held that the Suffolk County defendant was not liable under Section 1983, because he "did not illegally enter the property or participate in the alleged removal of [the plaintiff's] possessions." Id.

Here, Plaintiff alleges Defendant Ball conspired with Defendants Claude and Winter Brothers to remove his personal belongings from his home. (Fourth Am. Compl. at 7.) However, Plaintiff fails to allege that Defendant Ball was at his home the day the alleged intrusion occurred, let alone that Defendant Ball entered Plaintiff's home and personally participated in the alleged removal of his belongings, facts that Ostensen found necessary to state a claim under Section 1983. Ostensen, 236 F. App'x at 651. Plaintiff's only allegations that Defendant Ball participated in the incident, such as the allegation she "took personal involvement and control allowing [Defendant Claude] access to forcibly rip the boards off of Mr. Gause home and enter the dwelling and take Mr. Gause and family personal property and possessions," are conclusory statements that the Court cannot credit as true. Gleason v. Scoppetta, No. 12-CV-4123, 2014 WL 5780729, *2 (E.D.N.Y. Nov. 5, 2014) (dismissing Section 1983 claims where the plaintiff pleaded only conclusory allegations that certain defendants were personally involved in the violation of the plaintiff's constitutional rights). As a result, under Ostensen, Plaintiff fails to adequately allege that Defendant Ball

11

was personally involved in the alleged constitutional deprivation. Ostensen, 236 F. App'x at 651.[5]

Accordingly, Defendant Ball's motion to dismiss Plaintiff's Fourth Amendment claim is GRANTED, and Plaintiff's Fourth Amendment claim is DISMISSED.

B. <u>Plaintiff Fails to Allege a Fourteenth Amendment Violation</u>

First, Plaintiff fails to allege a plausible claim under the Fourteenth Amendment Due Process Clause, because he cannot show Defendant Ball was personally involved in the alleged constitutional violation. See Ostensen v. Suffolk County, 378 F. Supp. 2d 140, 148 (E.D.N.Y. 2005) (dismissing Due Process Claims due to lack of personal involvement by government defendant), aff'd, 236 F. App'x at 652-53.

Second, to the extent Plaintiff asserts a claim under the Equal Protection Clause for discrimination on the basis of race or selective enforcement of the Town's housing codes, his claim fails. The Equal Protection Clause of the Fourteenth Amendment guarantees the right to be free from "invidious discrimination in statutory classifications and other governmental activity." Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996)

---

[5] Moreover, Plaintiff cannot sustain a claim against Defendants Claude and Winter Brothers, because the Fourth Amended Complaint fails to allege facts demonstrating that these defendants acted in concert with Defendant Ball, such that they can be considered state actors. Id. at 653.

(quoting Harris v. McRae, 448 U.S. 297, 322 (1980)). "The Equal Protection Clause requires that the government treat all similarly situated people alike." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) (quoting Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)), overruled on other grounds, Appel v. Spiridon, 531 F.3d 138, 141 (2d Cir. 2008). When a plaintiff alleges that a facially neutral law or policy has been applied in an intentionally discriminatory manner, he must demonstrate that the application of the law was motivated by discrimination. Pyke v. Cuomo, 258 F.3d 107, 110 (2d Cir. 2001). Moreover, "[t]o prevail on a claim of selective enforcement of the law in violation of the Equal Protection Clause, a plaintiff must prove that (1) 'compared to others similarly situated, [he or she] was selectively treated,' and (2) 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Savino v. Town of Southeast, 983 F. Supp. 2d 293, 305 (S.D.N.Y. 2013) (quoting Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000)), aff'd, 572 F. App'x 15 (2d Cir. 2014) (summary order).

Here, Plaintiff appears to allege that the Town uses its facially neutral code provisions to discriminate against African Americans. However, Plaintiff fails to allege any facts showing that Defendant Ball took action against him on the basis of his

13

race. As Defendant Ball points out, there are no allegations that she was aware of Plaintiff's race, because the Fourth Amended Complaint does not allege any personal interaction between them. (Defs. Br. at 13.) This is fatal to Plaintiff's claim for violation of the Equal Protection Clause. See Coleman v. City of New York, No. 18-CV-11819, 2020 WL 905709, at *6 (S.D.N.Y. Feb. 25, 2020) (dismissing discrimination claims where Plaintiff failed to allege defendants acted with race- or class-based discriminatory intent, such as by "using racial or ethnic epithets").

Further, to the extent Plaintiff alleges that the Town singled him out for selective treatment because of his race, he fails to allege similarly situated comparators, as required under law in this Circuit. See Savino, 983 F. Supp. 2d at 305; Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011). Unlike in Savino, where the plaintiff alleged that the defendant enforced a zoning code against him, and not another similarly situated comparator, here, Plaintiff does not allege any facts showing that the Town or Defendant Ball declined to enforce the Town code against similarly situated individuals. Savino, 983 F. Supp. 2d at 307; see also Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 434 (S.D.N.Y. 2013) (dismissing selective enforcement claim where plaintiff failed to "allege that he was treated differently from any identified individuals, let

alone individuals who he claims were similarly situated to him in any respect" (emphasis omitted)).

Accordingly, Defendant Ball's motion to dismiss Plaintiff's Fourteenth Amendment claims is GRANTED, and Plaintiff's three Fourteenth Amendment claims are DISMISSED.

C. Plaintiff Fails to Allege a First Amendment Retaliation Claim

Plaintiff alleges the Town retaliated against him for filing his Prior Action. "To establish a prima facie case of First Amendment retaliation, a plaintiff must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'" Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) (quoting Morales v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002)).

Plaintiff's claim fails on the second and third prongs. First, as noted supra, Plaintiff fails to allege that Defendant Ball personally took any action against Plaintiff. As a result, Plaintiff cannot establish Defendant took "adverse action" against him. Second, Plaintiff cannot demonstrate the necessary causal connection between his filing the Prior Action and the April 26 incident, because he does not allege in the Fourth Amended Complaint that Defendant Ball was aware of the Prior Action. A causal connection necessarily requires "that the individuals who

engaged in retaliation had knowledge of the protected conduct." Iverson v. Surber, No. 13-CV-0633, 2014 WL 12908065, at *6 (S.D.N.Y. Mar. 19, 2014) (quoting Van Dunk v. Brower, No. 11-CV-4564, 2013 WL 5970172, at *9 (S.D.N.Y. Nov. 7, 2013)); see also Pavone v. Puglisi, 353 F. App'x 622, 625 (2d Cir. 2009) (summary order) ("Although a causal connection between an adverse action and protected speech may be indirectly established by showing that protected activity was followed closely in time by the adverse action, a plaintiff must still allege that defendants were aware of the protected activity." (internal citations omitted)). Here, in addition to Defendant Ball not having been a party to the Prior Action, Plaintiff has failed to allege facts from which Defendant Ball's knowledge of the Prior Action could be inferred. Id.

Accordingly, Defendant Ball's motion to dismiss Plaintiff's First Amendment retaliation claim is GRANTED, and Plaintiff's First Amendment retaliation claim is DISMISSED.

D. Plaintiff Fails to Allege a *Monell* Claim

Because Plaintiff has failed to allege a constitutional violation to support his claims for relief under Section 1983, he cannot sustain a claim under Monell. See Blackson v. City of New York, No. 14-CV-0452, 2014 WL 6772256, at *6 (S.D.N.Y. Dec. 2, 2014) (citing Pinter v. City of New York, 448 F. App'x 99, 106 (2d Cir. 2011) (summary order) (holding that because Monell claims are derivative in nature, "any claims dismissed as against the

16

individual defendants must also be dismissed as against the [municipality]")); see also Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (instructing that to plead a claim for municipal liability, a plaintiff must plausibly allege that "action pursuant to official municipal policy" caused the alleged constitutional injury) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

Accordingly, Defendant Ball's motion to dismiss Plaintiff's Monell claim is GRANTED, and Plaintiff's Monell claim is DISMISSED.

III. Leave to Amend

The Court should ordinarily grant a pro se plaintiff the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, "an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." Roache v. Fischer, No. 18-CV-0825, 2019 WL 6827296, at *5 n.12 (N.D.N.Y. Dec. 13, 2019) (citing Shuler v. Brown, No. 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.")); see also Yang v. N.Y.C. Trans. Auth., No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24,

2002) (denying leave to amend where plaintiff had already amended complaint once); <u>Advanced Marine Tech. v. Burnham Sec., Inc.</u>, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (same).

Here, since the Court afforded Plaintiff four opportunities to amend his complaint (<u>see</u> <u>supra</u> Background, Section II), leave to further amend would be futile.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the reasons set forth above, Defendant Ball's motion to dismiss Plaintiff's Fourth Amended Complaint is GRANTED. The Clerk of the Court shall ENTER JUDGMENT and mark this case CLOSED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Defendant Ball is directed to mail a copy of this Order to the pro se Plaintiff and file proof of said service.

SO ORDERED.

                                              /s/ JOANNA SEYBERT
                                              Joanna Seybert, U.S.D.J.

Dated: May 27, 2021
      Central Islip, New York